IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

DUSTY LEITZKE,
on behalf of herself and all others
similarly situated,

       Plaintiff,                            Case No. 8:19-cv-02174-VMC-AEP

v.

JPMORGAN CHASE BANK, N.A.,

       Defendant.
_____/

**MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY, AND COMPEL ARBITRATION IN ACCORDANCE WITH BINDING ARBITRATION AGREEMENTS**

Defendant JPMorgan Chase Bank, N.A. ("Chase"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, hereby moves this Court to dismiss this action and order the parties to arbitration because the named Plaintiff Dusty Leitzke is bound by an arbitration agreement. Alternatively, should this action not be dismissed, Chase requests that this Court compel individual arbitration of the claims of Plaintiff Leitzke and five of the six opt-in plaintiffs with arbitration agreements, and stay their claims.

**I.    INTRODUCTION**

Plaintiff Dusty Leitzke, a FCOI Investigator at Chase, initiated this case on behalf of herself and those allegedly similarly situated seeking overtime under the Fair Labor Standards Act ("FLSA"). Compl. ¶¶ 2-7. Six individuals have subsequently filed consent forms indicating their intent to opt-in to this action if certified: Cheryl Gordon, Duane Hudson, Colette Maxwell, Eram Rashedi, Rebecca Massicotte and Ophelia Hawkins. *See* ECF Nos. 5, 9, 12. Plaintiff and five out of the six opt-ins (all but Ophelia Hawkins) signed Binding Arbitration Agreements ("BAAs") which require them to submit their FLSA claims to arbitration. *See* Declaration of

1

DeJuan Taylor ("Taylor Decl.") ¶¶ 4-9, attached hereto as Exhibit A, Exhibits 1-6, BAA Sections 1-2.  In addition, all of the signed BAAs contain collective action waivers which require all claims to be submitted on an individual basis and waive any right to bring or participate in a collective action.  *Id.,* BAA Section 4.

Rather than submit to arbitration, Plaintiff has filed this putative collective litigation. There can be no dispute, however, that Plaintiff's BAA is enforceable and plainly requires that her FLSA overtime claim be submitted to arbitration and pursued on an individual basis. Accordingly, because the one and only named Plaintiff executed a BAA, the proper remedy is for this Court to dismiss this action and compel individual arbitration pursuant to section 4 of the FAA, which provides, in pertinent part, that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement . . . . [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court **shall** make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4 (emphasis added).

For these reasons, as discussed more fully below, Defendant respectfully moves this Court for an order dismissing this action in its entirety, or in the alternative staying the claims of Leitzke and the five opt-ins with arbitration agreements, and compelling individual arbitration of Leitzke, Gordon, Hudson, Maxwell, Rashedi and Massicotte's claims for overtime under the FLSA.  *See, e.g., Perera v. H&R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (quotations and citation omitted).

## II.   FACTUAL BACKGROUND

Plaintiff Dusty Leitzke and the opt-ins are all current employees of JPMorgan Chase Bank, N.A. who work in Tampa, Florida.  Taylor Decl. ¶ 10.  Plaintiff Leitzke and opt-ins Gordon, Hudson, Maxwell, Rashedi and Massicotte signed BAAs when they commenced employment, which require them to submit all "Covered Claims" to final and binding arbitration.  Taylor Decl. ¶ ¶ 4-9, Exhibits 1-6, BAA Sections 1-2. "Covered Claims", include "all legally protected employment-related claims . . . including, but not limited to . . . violations of . . . the Fair Labor Standards Act of 1938. . . ."  *Id.*

Additionally, Section 4 of the BAA is a Class Action/Collective Action Waiver, which states, *inter alia*, that "[a]ll Covered Claims under this Agreement must be submitted on an individual basis.  No claims may be arbitrated on a class or collective basis unless required by applicable law.  Covered Parties expressly waive any right with respect to any Covered Claim to submit, initiate or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court."  Taylor Decl. ¶¶ 4-9, Exhibits 1-6, BAA Section 4.

The BAAs also have a forum selection clause which provides: "I understand that arbitration under this Agreement will occur in the state where I am currently or was most recently employed by the Firm, unless otherwise agreed by the Parties."  Taylor Decl. ¶¶ 4-9, Exhibits 1-6, BAA, Section 6.

## III.   STANDARD OF REVIEW

 "When presented with a motion to compel arbitration, a district court considers three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived."  *Spinelli v. Dascor Corp.*, No. 19-60857, 2019 WL 3425080, at *2 (S.D. Fla. July 30, 2019); *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686

F. Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011) (same); *see also Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) ("Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived."). However, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted); *see also Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013).

As the U.S. Supreme Court has repeatedly explained, the FAA reflects "a liberal federal policy favoring arbitration" and requires courts to enforce arbitration agreements according to their terms. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (quotations and citations omitted); *see also Epic Sys. Corp. v. Lewis,* 138 S. Ct. 1612, 1619 (2018); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Moreover, the FAA "establishes that, **as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . .**" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (emphasis added); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *USWA v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960) (an arbitration agreement is presumed enforceable "*unless* it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute") (emphasis added).

Here, it is clear the Plaintiff, as well as five of the opt-ins, entered into binding arbitration agreements covering their claims, and that the Court should compel arbitration. *See John B.*

*Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.*, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute.").

## IV. ARGUMENT

### A. The Parties Clearly Agreed To Arbitrate.

Whether the parties formed a contractual agreement to arbitrate is determined by state contract law. *See, e.g., First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (noting that state law governs determination of whether parties agreed to arbitrate). Plaintiff Leitzke and Opt-ins Hudson, Rashedi, Maxwell, and Massicotte all received their employment offers and BAAs to execute at their home addresses in Florida, while opt-in Gordon received the offer and BAA at her home address in New Jersey, but for a job with Chase in Tampa, Florida. Taylor Decl. ¶¶ 4-9 and Exhibits 1- 6.

As part of their acceptances of the offers of employments, Plaintiff Leitzke and these opt-ins signed the BAAs and agreed that the BAAs were part of the terms of employment they were accepting. Taylor Decl. ¶¶ 4-9 and Exhibits 1-6. Under Florida law, this formed a valid agreement to arbitrate, as the offer of employment provided consideration for the arbitration agreement. *See, e.g., KWEST Commc'ns, Inc. v. United Cellular Wireless Inc.*, No. 16-20242, 2016 WL 10859787, at *5 (S.D. Fla. Apr. 7, 2016) (arbitration clause in employment agreement enforceable under Florida and federal law), *report & recommendation adopted*, 2016 WL 10870449 (S.D. Fla. June 28, 2016); *Ayure v. Braman Motors, Inc.,* No. 14-20399, 2014 WL 12860812, at *4 (S.D. Fla. Sept. 16, 2014) (employer's continued employment of an employee is adequate consideration to support arbitration agreements); *McKinnon v. Palm Chevrolet of Gainesville, LLC*, No. 09-174, 2009 WL 10674171, at *2–3 (N.D. Fla. Nov. 6, 2009) (defendant's consideration of plaintiff's employment application constituted valid consideration

for arbitration agreement); *Tranchant v. Ritz Carlton Hotel Co., LLC*, No. 10-0233, 2011 WL 1230734, at *4 (M.D. Fla. March 31, 2011) (continuation of at will employment provided consideration for arbitration agreement under Florida law); *Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1313 (S.D. Fla. 2009) (same).[1]

Because Chase is also required to submit claims against the employees to arbitration, Taylor Decl., Exhibits 1-6, BAAs Section 2, this provided additional consideration rendering the agreement enforceable under Florida (and New Jersey) law. *McKinnon*, 2009 WL 10674171, at *2 (where agreement stated that "any dispute between me and the Company . . . will be resolved through mutually binding arbitration" this constituted sufficient consideration under Florida law to enforce agreement); *Tranchant,* 2011 WL 1230734, at *4; *Ayure*, 2014 WL 12860812, at *4; *Bhim*, 655 F. Supp. 2d at 1312-13.[2]

---

[1] To the extent New Jersey law could apply to Gordon, the outcome is the same under New Jersey law. *See, e.g., Allen v. Bloomingdale's, Inc*., 225 F. Supp. 3d 254, 260 (D.N.J. 2016) (valid consideration to enforce arbitration agreement was exchanged through the acceptance of and continued employment with the employer); *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 875–76 (N.J. 2002) (an employer's consideration of an employee, extension of an offer, and the employee's start of and continued employment constituted sufficient consideration for enforceable arbitration agreement).

[2] *See also Horowitz v. AT&T, Inc.*, No. 17-4827, 2019 WL 77331, at *9 (D.N.J. Jan. 2, 2019). (holding that the consideration requirement is met because "the agreement mutually obliges [both parties] to arbitrate all employment disputes and Plaintiff has continued his employment with [defendants]."); *Jayasundera v. Macy's Logistics & Operations, Dep't of Human Res.*, No. 14-0455, 2015 WL 4623508, at *4 (D.N.J. Aug. 3, 2015).

In addition, although all the agreements (other than the agreement with Hudson) were signed electronically, under both Florida and New Jersey law, electronic signatures have the same legal force as a physical signature. *See, e.g., Curbelo v. Autonation Benefits Co*., No. 14-62736, 2015 WL 667655, at *3 (S.D. Fla. Feb. 13, 2015) (holding that the arbitration agreement signed electronically was valid and enforceable); *Cintron v. Monterey Fin. Servs., Inc.*, No. 17-11537, 2018 WL 4908283, at *4 (D.N.J. Oct. 10, 2018) (finding that plaintiff's e-signature was sufficient to form a valid and enforceable arbitration agreement). *See* Fed. R. Civ. P. 12(a)(1)(A) (requiring answer within 21 days after being served with summons unless otherwise extended or Rule 12(b) motion if filed).

Moreover, the fact that the arbitration agreement contained a collective action waiver for the FLSA claims does not mean the agreement was unconscionable or otherwise unenforceable. *See, e.g., Epic Sys. Corp.,* 138 S. Ct. at 1632 (holding that arbitration agreements that waive the right to bring FLSA collective actions are enforceable); *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1336 (11th Cir. 2014) (affirming district court order compelling individual arbitration of FLSA claims and dismissing complaint, and explaining that agreement was not rendered unenforceable by class/collective action waiver because FLSA § 16(b) does not provide for a non-waivable, substantive right to bring a collective action). In fact, many courts – including this district – have enforced Chase Binding Arbitration Agreements. *See, e.g., Newhall v. JP Morgan Chase*, No. 10-2624, 2010 WL 8759340 (M.D. Fla. Dec. 22, 2010) (compelling arbitration of FLSA claims of Florida employee pursuant to Chase BAA after case was transferred from New Jersey to Florida); *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559 (S.D.N.Y. 2013) (compelling arbitration of FLSA claims under Chase BAA); *Henry v. J.P.Morgan Chase & Co.*, No. 15-3895, 2015 WL 13820811 (C.D. Cal. Nov. 3, 2015) (compelling arbitration of FLSA claim that had been brought as putative collective action under Chase BAA); *Montero v. JPMorgan Chase & Co.,* No. 14-9053, 2016 WL 193392, *2-3 (N.D Ill. Jan. 15, 2016) (compelling arbitration of Plaintiff Rodriguez's FLSA claim pursuant to Chase BAA); *see also Ali v. J.P.Morgan Chase Bank, N.A.*, 647 F. App'x 783 (9th Cir. 2016) (remanding with instructions that district court compel arbitration pursuant to Chase BAA). Thus, Plaintiff Leitzke, as well as opt-ins Hudson, Maxwell, Massicotte, Rashedi and Gordon, entered into an enforceable agreement to arbitrate their claims against Chase.

### B.  The Scope Of The Agreement Encompasses Plaintiff's Claims.

As noted previously, the Binding Arbitration Agreement signed by Plaintiff and the five opt-ins states that it covers all claims that "arise out of or relate to employment" with "JPMorgan Chase & Co. or any of its direct or indirect subsidiaries" including claims under the "Fair Labor Standards Act of 1938." Taylor Decl.¶¶ 4-9, Exhibits 1-6, BAA Sections 1-2. The scope of the arbitration agreement therefore clearly encompasses all the claims asserted in this litigation, which are solely FLSA claims. *See* Complaint at ¶¶ 54-63 (asserting FLSA collective action). Accordingly, it is appropriate to compel arbitration. *See, e.g., Walthour,* 745 F.3d at 1334 ("After examining the FLSA's text, legislative history, purposes, and . . . Supreme Court decisions, we discern no 'contrary congressional command' that precludes the enforcement of plaintiffs' Arbitration Agreements . . . ."); *Carter v. Doll House II, Inc.*, 608 F. App'x 903, 904 (11th Cir. 2015) (affirming the enforcement of an agreement to arbitrate FLSA claims in putative collective action).

### C.  Chase Has Not Waived Its Ability To Enforce The Arbitration Agreements.

To the extent Plaintiff attempts to argue that Chase waived its ability to enforce the arbitration agreement, such argument would clearly be baseless. Plaintiff originally filed her case in Ohio. ECF 1. Plaintiff (and all opt-ins) currently work for Chase in Florida, and the BAAs at issue require that arbitration take place in the state where the individual is currently employed by Chase. Taylor Decl. ¶¶ 4-9, Exhibits 1-6, BAA, Section 6. Accordingly, the case had to be transferred to Florida in order to compel arbitration. *See* 9 U.S.C. § 4 (stating that a party to a written agreement for arbitration may petition for "an order directing that . . . arbitration proceed" but arbitration must take place "within the district in which the petition for an order directing such arbitration is filed"); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003) ("where the parties have agreed to arbitrate in a particular

forum, only a district court in that forum has jurisdiction to compel arbitration pursuant to Section 4") (quotations and citation omitted); *Mgmt. Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997) ("under Section 4 of the FAA, only a district court in the state where the parties agreed to arbitrate has jurisdiction to order arbitration").

Chase immediately filed a motion to transfer so that it could compel in the jurisdiction where the arbitration was to take place. *See* ECF 16 at pp. 4-5 (explaining that Plaintiff and five of the opt-ins signed binding arbitration agreements which required arbitration in Florida). Although Chase filed a concurrent answer as required,[3] it asserted the existence of Plaintiff's binding arbitration agreement as an affirmative defense. See ECF 17, Defense ¶ 4 ("Plaintiff is subject to a binding arbitration agreement with a class and collective action waiver . . . .").

Once the case was transferred to Florida, this Court issued a scheduling order requiring the parties to exchange limited documents and engage in mandatory mediation. ECF 30. During mediation and immediately after mediation failed, Chase reiterated its intent to arbitrate. *See* ECF 64 (case management report indicating deadlines for motion to compel arbitration). Thus, Chase has consistently pursued its right to arbitrate, and has not waived it. *See, e.g., Sherrard v. Macy's Sys. & Tech. Inc.,* 724 F. App'x 736, 740 (11th Cir. 2018) (holding that defendant had not waived right to arbitrate by substantially participating in litigation because filing a motion to set aside the entry of default was not "inconsistent with an intent to arbitrate."); *Coca–Cola Bottling Co. of New York, Inc. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 57–58 (2d Cir. 2001) ("neither filing an answer nor waiting four months to seek arbitration was sufficient to constitute a waiver"); *Diggett v. Swisher Int'l, Inc.*, No. 14-0242, 2014 WL

---

[3] *See* Fed. R. Civ. P. 12(a)(1)(A) (requiring answer within 21 days after being served with summons unless otherwise extended or Rule 12(b) motion is filed).

12617591, at *3-5 (M.D. Fla. Aug. 28, 2014) (holding that where defendant informed plaintiff of possible arbitration agreement prior to the litigation but submitted an answer that did not raise arbitration as an affirmative defense, submitted a case management report that did not mention arbitration, and initiated discovery including serving interrogatories and requests for production, under totality of circumstances defendant had not waived arbitration); *PNC Bank, N.A. v. Presbyterian Ret. Corp.*, No. 14-0461, 2015 WL 1931395, at *9 n.14 (S.D. Ala. Apr. 28, 2015) ("PNC Bank merely participated in the parties' planning meeting, contributed to the Rule 26(f) report, filed a brief in opposition to a motion for preliminary injunction, and agreed to a consent resolution of said motion . . . . Such activities are insufficient to constitute substantial invocation of litigation . . . ." so as to result in waiver).

### D. This Court Should Dismiss This Action, Or In The Alternative Issue A Stay While Arbitration Is Pending.

Because Dusty Leitzke is the only named Plaintiff in this litigation, and she signed a binding arbitration agreement with a collective action waiver, the proper action is to dismiss this action. *See, e.g., Walthour*, 745 F.3d at 1329 n.2 (affirming order compelling arbitration and dismissing action where two named plaintiffs had arbitration agreements with collective action waivers, and despite the fact that after the motion to compel arbitration was filed, seven former employees filed opt-in consent forms and sought to join as plaintiffs, noting "the district court did not address whether these seven former employees could be joined as plaintiffs under § 16(b)'s collective action provision, in light of its ruling on the Chipio defendants' motions."); *Otis v. Arise Virtual Sols.*, Inc., No. 12-62143, 2013 WL 12106056, at *4 n.4 (S.D. Fla. Aug. 5, 2013) (granting motion to compel arbitration and stay proceedings, and noting that it did not matter that "[o]pt-in plaintiffs Amanda Barton and Heather Steele also deny having any memory of entering into arbitration agreements with Arise. Plaintiffs' arguments regarding these opt-in

plaintiffs are irrelevant because the opt-in plaintiffs are not named parties in this suit"); *Komitor v. MAG Motors III, Inc.,* No. 17-61215, 2018 WL 1702193, at *5 (S.D. Fla. Feb. 28, 2018) (granting motion to compel arbitration as to named plaintiff and either dismiss without prejudice or stay case, despite the presence of one opt-in), *report & recommendation adopted,* 2018 WL 1702194 (S.D. Fla. Mar. 27, 2018) (staying case).

Where the Court compels arbitration of all of the claims involved, there is no benefit to a stay, as opposed to dismissal. *See, e.g., Perera*, 914 F. Supp. 2d at 1290 ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (quotations and citations omitted); *Spinelli*, 2019 WL 3425080, at *6 (compelling arbitration and dismissing case where the sole claim arises under the FLSA and is specifically encompassed by the Arbitration Agreement). Accordingly, because all of Plaintiff Leitzke's FLSA claims are subject to binding arbitration, Defendant believes that dismissal of this action is appropriate. However, should the Court disagree, Defendant requests that the Court stay the claims of Plaintiff (and the five opt-ins with arbitration agreements) during the pendency of the arbitrations pursuant to the FAA. *See* 9 U.S.C. § 3 (stating that if the court is satisfied the issues are referable to arbitration under an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

## V. **CONCLUSION**

Because Plaintiff's FLSA claim is covered by a valid and binding arbitration agreement, Defendant respectfully requests that this Court dismiss this action, or in the alternative stay, and compel Plaintiff, as well as opt-ins Gordon, Hudson, Maxwell, Rashedi and Massicotte, to individually arbitrate their FLSA claim under the terms of the Binding Arbitration Agreements.

MORGAN, LEWIS & BOCKIUS LLP

By: <u>s/ *Mark E. Zelek*</u>
Mark E. Zelek (Florida Bar No. 667773)
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
Tel:  +1.305.415.3303
eFax:  +1.877.432.9652
eMail:  mark.zelek@morganlewis.com

Sari M. Alamuddin (pro hac vice)
77 W. Wacker Drive
Chicago, IL  60601
Tel:  +1.312.324.1000
Fax:  +1.312.324.1001
eMail:  sari.alamuddin@morganlewis.com

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*

## **LOCAL RULE 3.01(G) CERTIFICATION**

  I hereby certify that my colleague Sari Alamuddin conferred in good faith on October 21 and 30, 2019 with Plaintiff's counsel Rowdy Meeks to discuss the motion to compel arbitration. Plaintiff's counsel indicated that he was not willing to pursue arbitration on behalf of his clients and did not consent to the relief sought in the attached motion.

            s/ *Mark E. Zelek*
            Mark E. Zelek

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 4th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Rowdy B. Meeks
ROWDY MEEKS LEGAL GROUP LLC
8201 Mission Rd., Suite 250
Prairie Village, KS  66208
rowdy.meeks@rmlegalgroup.com

Gregg Shavitz
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida  33431
gshavitz@shavitzlaw.com

                                                  s/ *Mark E. Zelek*
                                                  Mark E. Zelek