**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division**

OPHELIA HAWKINS,
on behalf of herself and all others
similarly situated,

      Plaintiff,                    Case No. 8:19-cv-02174-VMC-AEP

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.
_____/

**FINAL ORDER AND JUDGMENT**

The Court, having considered the parties' Joint Stipulation of Settlement and Release ("Stipulation") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Class/Collective Members, and JPMorgan Chase Bank, N.A.

3. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Parties, the Claimants, and the Qualified Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

4. No objectors appeared at the fairness hearing. The Court finds that there was one written objection to the Settlement, which the Court considered. Nevertheless, the Court finds it appropriate to approve this settlement.

5. The Court finds that the procedures for notifying the Class/Collective Members about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class/Collective Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class/Collective Members provided adequate, due, sufficient and valid notice of the Settlement.

6. The Court finds, for settlement purposes only, that the Class and FLSA Collective satisfy the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

7. This case is dismissed with prejudice, permanently barring the Plaintiff and all other Claimants and Qualified Class Members from filing, commencing, prosecuting, or pursuing the claims Released by the Stipulation whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

8. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved as follows: Class Counsel are hereby awarded $158,100.07 for attorneys' fees and $6,899.93 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case, to be divided among Class Counsel pursuant to agreements among said Class Counsel.

9. The enhancement award for the Plaintiff, as set forth in Section 3.3 of the Joint Stipulation of Settlement and Release, is denied without prejudice. See Johnson v. NPAS Sols., LLC, 975 F.3d 1244 (11th Cir. 2020) (prohibiting a $6,000 incentive award despite the fact that

such awards are "fairly typical in class actions" (citation omitted)); see also Jairam v. Colourpop Cosmetics, LLC, No. 19-CV-62438-RAR, 2020 WL 5848620, at *3 (S.D. Fla. Oct. 1, 2020) (relying on Johnson in disapproving service awards in a TCPA class action settlement).

10. Nothing relating to this Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or Releasees of any liability, culpability, negligence, or wrongdoing toward the Plaintiff, the Arbitration Opt-ins, the Class/Collective Members, or any other person, or that class or collective action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Plaintiff against Defendants or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in this Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant or Releasees.

11. This case is dismissed with prejudice, and Plaintiff, Qualified Class Members and Claimants, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

12. The Court retains jurisdiction for the limited purpose of allowing the Plaintiff to resubmit a request for a service award, should circumstances so warrant. The Court otherwise declines to retain jurisdiction.

13. The Parties are ordered to carry out the Settlement as provided in the Stipulation.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

DONE and ORDERED in Chambers, in Tampa, Florida, this 15th day of November, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE